IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　Plaintiff, 　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　 )　　　4:09CR3005<br>　　vs.　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　 )　　　**PRELIMINARY ORDER**<br>AARON LAWLESS and RICHARD CANFIELD, )　　　**OF FORFEITURE**<br>　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　Defendants. 　　　　　　　 ) | |

NOW ON THIS 4th day of January, 2010, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant, Richard Canfield, pled guilty to Counts I and VI of said Superceding Indictment. The Defendant, Aaron Lawless, pled guilty to Counts II and VI of said Superceding Indictment. Count I charges the Defendant, Richard Canfield, with one count of possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. Count II charges the Defendant, Aaron Lawless, with one count of possessing a firearm not identified by a serial number, in violation of 26 U.S.C. §§ 5861(i) and 5871. Count VI of said Superceding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of an AK-type 7.62 x 39 mm caliber machine gun, bearing number on receiver of MR1904 but no apparent serial number, with a barrel length of approximately 10 3/4 inches; an AK-type 5.45 x 39 mm caliber machine gun, with no apparent serial number, with a barrel length of approximately 10 5/8 inches; a Walther .22 caliber rifle with serial number PW003618; a Ruger .22 caliber rifle with serial number 259-06799; a Benelli 12 gauge shotgun with serial number 2441099; a Norinco SKS type rifle; 7.62 caliber with

serial number 2300479A; a Walter .22 caliber pistol with serial number N043336; an Advance Armament silencer with serial number WK0061; an Advance Armament silencer with serial number B0020; a SWR Trident 9 mm silencer with serial number T9-0462; a CCF Race Frames 9 mm pistol frame with serial number CCF001409; and an AR 15 lower receiver with serial number 20638, on the basis they were firearms involved or used in the knowing commission of the offense charged in Count II.

2. By virtue of said plea of guilty, the Defendants forfeits their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and 5872.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Count VI of the Superceding Indictment and the Defendants' pleas of guilty, the United States is hereby authorized to seize the AK-type 7.62 x 39 mm caliber machine gun, bearing number on receiver of MR1904 but no apparent serial number, with a barrel length of approximately 10 3/4 inches; the AK-type 5.45 x 39 mm caliber machine gun, with no apparent serial number, with a barrel length of approximately 10 5/8 inches; the Walther .22 caliber rifle with serial number PW003618; the Ruger .22 caliber rifle with serial number 259-06799; the Benelli 12 gauge shotgun with serial number 2441099; the Norinco SKS type rifle, 7.62 caliber with serial number 2300479A; the Walter .22 caliber pistol with serial number N043336; the Advance

Armament silencer with serial number WK0061; the Advance Armament silencer with serial number B0020; the SWR Trident 9 mm silencer with serial number T9-0462; the CCF Race Frames 9 mm pistol frame with serial number CCF001409; and the AR 15 lower receiver with serial number 20638.

    C.  The Defendants' interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

    D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

    E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

    F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 4th day of January, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge